O’NIELL, Chief Justice
 

 (concurring).
 

 I concur in the decree, affirming the judgment of the district court, but deem it sufficient to say that a contract of employment of the services of an attorney at law cannot be irrevocable, in the sense that either party to the contract may demand specific performance or enforcement of the contract against the will of the other party. When such a power of attorney is said to be irrevocable it means merely that the client is not at liberty to discharge the attorney without cause, and without compensating him for his services.. The existence or nonexistence of a sufficient cause
 
 *1011
 
 for a client to discharge his attorney bears only upon the question of his right to compensation. 5 Am.Jur. p. 281, § 34, Verbo Attorneys at Law. When the employment of an attorney is evidenced by a power of attorney coupled with an interest, in the language of the law books, the attorney may proceed in his own name to protect his interest, if the client revokes the power of attorney without just cause. But, for the attorney to have that right, his interest must be an interest in the thing that is the subject of the contemplated lawsuit, an interest that the attorney may sue to recover or protect in his own name. Id. § 36. In no case can an attorney at law institute or prosecute a suit in the name of one who has notified the attorney that he has revoked his authority to institute or prosecute the suit. The only question in this case is whether the attorneys had the right to institute the suit in the name of Mrs. O’Neil after she had notified them that -she had revoked their power of attorney and refused to institute the suit, or whether she had the absolute right to dismiss the suit which was instituted in her' name. The answer to that is that a 'contract for the employment of personal service cannot be specifically enforced at the instance of one of the parties against the will of the other, by affirmative decree. .See Restatement of the Law of Contracts, c. 12, § 379, p. 702. I concur in the opinion that the power of attorney in this instance was not coupled with an interest; but I do not concur in the opinion that the right of a lessee, under an ordinary oil and gas lease, is only a personal right, as distinguished from a real right.